## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES L. COLE, | Case No.: 2:11-cv-00415-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#5) |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, STATE OF NEVADA, LVMPD OFFICE A. LEIJA (badge #2020), LARRY WOOLEN (NV DHHS), 7 DOES 1-3, in their individual capacities, | |
| Defendants. | |

Before the Court is Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Armando Leija's **Motion to Dismiss** (#5, filed Mar. 31, 2011) based on a failure to state a claim. Plaintiff James L. Cole did not oppose the motion.

If one party files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the party against whom that motion is filed must file points and authorities in opposition to that motion within fourteen (14) days after the service of the motion. Local Rule 7-2(b). The failure of a party to file points and authorities in opposition to any motion constitutes a consent to the Court's grant of the motion. Local Rule 7-2(d).

1

AO 72
(Rev. 8/82)

1   Rule 7-2(d) of the Local Rules of Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). It has been said these local rules have the force of law no less than the federal rules or acts of Congress. *United States v. Hvass*, 355 U.S. 570, 574–75 (1958); *se also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Ky. v. Miller*, 394 U.S. 100 (1969).

Pursuant to the Local Rules of this Court, any response to Defendants' Motion was originally to be filed and served within 14 days, or by April 14, 2011. The parties, however, stipulated to extend this deadline by 45 days, until June 1. Notwithstanding this substantial extension, Cole failed to respond. Because no response or opposition to the Motion was filed pursuant to the Local Rules, the Court grants Defendants' Motion to Dismiss. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). Accordingly, claim 1 is dismissed as against LVMPD and claims 2, 3, and 4 are dismissed as against LVMPD and Leija.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#5) is GRANTED.

Dated: June 22, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**