UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES L. COLE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; LVMPD OFFICER A. LEIJA (badge #2020); LARRY WOOLEN (NV DHHS); and DOES 1-3, in their individual capacities,<br><br>　　　　　Defendants. | Case No.: 2:11-cv-00415-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#15) |

　　　　Before the Court is Defendants State of Nevada and Larry Woolen's **Motion to Dismiss** (#15, filed July 5, 2011) based on a failure to state a claim and Nevada's anti-SLAPP statute. Plaintiff James L. Cole did not oppose the motion.

　　　　If one party files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the party against whom that motion is filed must file points and authorities in opposition to that motion within fourteen (14) days after the service of the motion. Local Rule 7-2(b). The failure of a party to file points and authorities in opposition to any motion constitutes a consent to the Court's grant of the motion. Local Rule 7-2(d).

1

1   Rule 7-2(d) of the Local Rules of Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). It has been said these local rules have the force of law no less than the federal rules or acts of Congress. *United States v. Hvass*, 355 U.S. 570, 574–75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Ky. v. Miller*, 394 U.S. 100 (1969).

Pursuant to the Local Rules of this Court, any response to Defendants' Motion was to be filed and served within 14 days, or by July 22, 2011. Because no response or opposition to the Motion was filed pursuant to the Local Rules, the Court grants Defendants' Motion to Dismiss. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). The Court also notes that it previously dismissed the Las Vegas Metropolitan Police Department and Officer A. Leija after they filed a motion to dismiss and Cole failed to oppose it. As such, no defendants remain and the Court will close this case.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants State of Nevada and Woolen's Motion to Dismiss (#15) is GRANTED. The Clerk of the Court is directed to close this case.

Dated: August 22, 2011.

_____
**ROGER L. HUNT
United States District Judge**